IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERICO MANUEL JR. and RHODORA MANUEL,<br><br>    Plaintiffs,<br><br>  v.<br><br>DISCOVERY HOME LOANS, LLC, ET AL.,<br><br>    Defendants.<br>_____/ | No. C 10-01185 JSW<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTIONS TO DISMISS** |

Now before the Court are the motions to dismiss Plaintiffs' complaint filed by defendants Old Republic Title Company ("Old Republic") and Wells Fargo Home Mortgage ("Wells Fargo") (collectively "Defendants"). The Court finds the motions suitable for resolution without oral argument. *See* N.D. Civ. L.R. 7-1(b). Accordingly, the hearing date of August 6, 2010 is HEREBY VACATED. Having considered the parties' papers, the relevant legal authority, and the record in this case, the Court GRANTS Defendants' motions to dismiss as to the federal claims, in part with leave to amend and in part without leave, and DENIES the motions to dismiss as to state law claims without prejudice to re-filing.

**BACKGROUND**

This action arises out of the sale of real property located at 4092 Barn Hollow Way, Antioch, California 94509. On January 29, 2010, Plaintiffs filed the instant action against Discovery Home Loans, LLC, Wells Fargo Home Mortgage, Old Republic Title Company and U.S. Bank National Association in the Superior Court for the State of California, County of Contra Costa.

Plaintiffs allege that all defendants violated the Truth in Lending Act ("TILA") and the Real Estate Settlement Procedure Act, 12 U.S.C. § 2605 ("RESPA"), in addition to numerous state law claims. On March 22, 2010, Defendants removed the action to this Court. On May 26, 2010, Wells Fargo moved to dismiss Plaintiffs' claims asserted against them for failure to state a claim upon which relief could be granted. On June 21, 2010, Old Republic moved to dismiss Plaintiffs' claims asserted against them for failure to state a claim upon which relief could be granted.

The Court will address additional facts as necessary in the remainder of this order.

## ANALYSIS

### A. Legal Standard on Motion to Dismiss.

A motion to dismiss is proper under Federal Rule of Civil Procedure 12(b)(6) where the pleadings fail to state a claim upon which relief can be granted. The complaint is construed in the light most favorable to the non-moving party and all material allegations in the complaint are taken to be true. *Sanders v. Kennedy,* 794 F.2d 478, 481 (9th Cir. 1986). The court, however, is not required to accept legal conclusions cast in the form of factual allegations, if those conclusions cannot reasonably be drawn from the facts alleged. *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994) (citing *Papasan v. Allain,* 478 U.S. 265, 286 (1986)). Conclusory allegations without more are insufficient to defeat a motion to dismiss for failure to state a claim upon which relief may be granted. *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 810 (9th Cir. 1988). Even under the liberal pleading standard of Federal Rule of Civil Procedure 8(a)(2), a plaintiff must do more than recite the elements of the claim and must "provide the grounds of [its] entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations and citations omitted). The pleading must not merely allege conduct that is conceivable. Rather, plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

Pursuant to *Twombly*, a plaintiff must not merely allege conduct that is conceivable but must instead allege "enough facts to state a claim to relief that is plausible on its face." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

2

draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. __, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556). If the allegations are insufficient to state a claim, a court should grant leave to amend, unless amendment would be futile. *See, e.g., Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990); *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv., Inc.*, 911 F.2d 242, 246-47 (9th Cir. 1990).

As a general rule, "a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994), *overruled on other grounds, Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002) (citation omitted). However, documents subject to judicial notice may be considered on a motion to dismiss. In doing so, the Court does not convert a motion to dismiss to one for summary judgment. *See Mack v. South Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986), *overruled on other grounds, Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104 (1991).

Defendant Old Republic requests that the Court take judicial notice of the copy of the Grant Deed, the Deed of Trust, the California Closed-End Deed of Trust, the Notice of Default and Election to Sell Under Deed of Trust, the Assignment of Deed of Trust, and the Notice of Trustee's Sale. Although Plaintiffs generally object to Old Republic's request, because these documents are a matter of public record, they are properly a subject of judicial notice. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). Accordingly, Old Republic's requests for judicial notice are GRANTED.

**B.      Defendants' Motions Are Granted as to the Federal Claims.**

Plaintiffs assert two federal claims against both Old Republic and Wells Fargo, in addition to the multitude of state law claims. Because Defendants removed on the basis of federal question jurisdiction, the Court shall begin its analysis with the federal claims.

**1.      Claims Under TILA and for Rescission Are Dismissed With Prejudice.**

TILA's stated purpose is "to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit." 15 U.S.C. § 1601(a). "TILA is only a 'disclosure statute'

3

and 'does not substantively regulate consumer credit but rather requires disclosure of certain terms and conditions of credit before consummation of a consumer credit transaction.'" *Hauk v. J.P. Morgan Chase Bank USA,* 552 F.3d 1114, 1120 (9th Cir. 2009) (quoting *Rendler v. Corus Bank,* 272 F.3d 992, 996 (7th Cir. 2001)) (internal quotations omitted).

Both Old Republic and Wells Fargo contend that Plaintiffs' fifth (and part of the fourteenth) claims for violations of TILA against them fail because the only parties liable for TILA violations are the original creditor (lender) and the assignees of the creditor. Defendants further argue that even if a claim could be made, it would be barred by the applicable statute of limitations.

The complaint alleges that the original creditor/lender was Discovery Home Loans, LLC and not Old Republic.[1] Old Republic was the escrow holder for the transaction and cannot be considered the original creditor or lender. Wells Fargo was the loan servicer. As neither party was obligated to make TILA disclosures in connection with Plaintiffs' loan, neither party can be liable for violations of TILA. *See* 15 U.S.C. §§ 1640, 1641.

Both defendants also argue that Plaintiffs' claim for damages under TILA is barred by the one-year statute of limitations. Any action for damages under TILA must be brought "within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e). The Ninth Circuit has determined that this limitations period begins "at the time the loan documents were signed," because at that point the signatory is "in full possession of all information relevant to the discovery of a TILA violation ...." *Meyer v. Ameriquest Mortgage Co.*, 342 F.3d 899, 902 (9th Cir. 2003). The doctrine of equitable tolling may, in appropriate circumstances, suspend the limitations period until the borrower discovers the fraud or non-disclosures that form the basis of the TILA claim for damages. *King v. State of California*, 784 F.2d 910, 915 (9th Cir. 1986). A district court can evaluate specific claims of fraudulent concealment and equitable tolling to determine if the general rule would be unjust or frustrate TILA's purposes

---

[1] It appears that neither Discovery Home Loans, LLC, the original lender, nor U.S. Bank National Association, the transferee lender, were served with the complaint, participated in the removal, or have made an appearance.

4

and adjust the limitations period accordingly. *Katz v. Bank of California*, 640 F.2d 1024, 1025 (9th Cir. 1981).

Plaintiffs executed the loan documents on April 6, 2007, and filed their complaint on January 29, 2010, well outside the one-year statute of limitations. Moreover, there are no allegations in the complaint that would allow the statute of limitations to be tolled. *See Cervantes v. City of San Diego*, 5 F.3d 1273, 1277 (9th Cir. 1993) ("[A] plaintiff need not specifically allege equitable tolling ... in a complaint, [but] the complaint must provide a factual basis to support that theory.") Plaintiffs do not allege any facts that would demonstrate why they did not have a reasonable opportunity to discover the alleged non-disclosures within the limitations period. Plaintiffs' claim for damages under TILA is therefore untimely.

In addition, Plaintiffs seek to rescind their loan. However, Plaintiffs cannot seek rescission under TILA as they have failed to tender the value of the property. *See Yamamoto v. Bank of New York*, 329 F.3d 1167, 1171-73 (9th Cir. 2003); *see also Lal v. American Home Servicing, Inc.*, 680 F. Supp. 2d 1218, 1222 (E.D. Cal. 2010) ("Under TILA, a plaintiff must allege ability to tender the amount owed on the loan as a prerequisite to rescission.")

Accordingly, Plaintiffs' TILA claims against Old Republic and Wells Fargo are dismissed. Although Plaintiffs, in their opposition brief, argue that Defendants were agents of Discovery Home Loans, there are no facts to support such an allegation and the judicially-noticed documentation indicate that Old Republic was merely the escrow holder and Wells Fargo the servicer of the loan. In addition, even if Plaintiffs could make out a TILA claim against either defendant, the claim would be barred by the applicable statute of limitations and failure to tender the value of the property. Because the amendment of the TILA claim would be futile, Plaintiffs shall not be granted leave to amend.

**2.     Claims Under RESPA Are Dismissed.**

**a.     Old Republic's Motion.**

Old Republic contends that Plaintiffs' sixth claim for violations of RESPA fails because there are no allegations that Old Republic participated in the loan origination. *See* 12 U.S.C. § 2607. There are no allegations in the complaint that Old Republic functioned as anything but an

5

escrow holder and therefore the RESPA claim against it fails to state a claim upon which relief can be granted. The RESPA claim is premised upon the payment of unearned fees to the lender and/or mortgage broker (in the form of the Yield Spread Premium), which does not apply to any of the allegations against Old Republic. Further, if such a claim could be made, it would be barred by the one-year statute of limitations. *See* 12 U.S.C. § 2614. Even if Plaintiffs were permitted to argue that equitable tolling should apply, there are no facts alleged in the complaint that would support tolling. *See Cervantes*, 5 F.3d at 1277; *Bonner v. Redwood Mortgage Corp.*, 2010 WL 1267069 at *5 (N.D. Cal. Mar. 29, 2010) (dismissing RESPA claim where plaintiff failed to allege facts to support equitable tolling). Plaintiffs offer no substantive opposition to these arguments and RESPA does not apply to the allegations against Old Republic as an escrow holder. Therefore, the Court dismisses the sixth claim against Old Republic without leave to amend.

### b. Wells Fargo's Motion.

Wells Fargo acted as the loan servicer for Plaintiffs' home purchase. Plaintiffs allege that "DISCOVERY and WELLS were paid unearned fees, which were hidden from Plaintiffs in the form of a Yield Spread Premium which increased the interest rate of the Plaintiffs, whereby creating a windfall for DISCOVERY and WELLS of 'buy back fees' over the life of the loan." (Compl. at ¶ 71.)

Wells Fargo argues that the only liability it could face as a loan servicer would be the failure to give proper notice of a transfer of servicing rights or to respond to a qualified written request for information about a loan. *See* 12 U.S.C. § 2605(f). Plaintiffs, however, do not allege that Wells Fargo violated this provision, but rather that Wells Fargo was paid unearned fees from the brokering and origination of their mortgage loan, ostensibly a violation of 12 U.S.C. § 2607 which prohibits the payment and acceptance of a kickback or referral for unearned services on real estate loans. However, there are no facts in the complaint to support this theory of liability as Plaintiffs allege only that Discovery originated the loan and brokered the loan, and that Wells Fargo functioned only as the loan servicer. (Compl. at ¶¶ 3, 4.) In

6

addition, Wells Fargo argues that to the extent such a claim could be stated, it would be barred by the applicable one-year statute of limitations. *See* 12 U.S.C. § 2614.

Accordingly, the RESPA claim is dismissed. However, because it is not clear that amendment of the RESPA claim would be futile, Plaintiffs shall be granted leave to amend. If Plaintiffs choose to amend this claim, they should be prepared to identify clearly the specific facts underlying these allegations and Wells Fargo's participation in any scheme in violation of RESPA, any facts that support to support a theory of equitable tolling, and any facts that support whether damages were suffered as a result of the alleged RESPA violations.

**C.     The Motions to Dismiss the Remaining State Claims are Denied Without Prejudice.**

Plaintiffs' remaining claims are premised on alleged violations of state law, and the Court will not address these supplemental claims until it is clear Plaintiffs can state a federal claim. Accordingly, Defendants' motions to dismiss these remaining state claims are DENIED without prejudice to re-filing. However, if Plaintiffs choose to file an amended complaint, Plaintiffs should re-evaluate the arguments raised by Defendants in support of their motions to dismiss the state law claims. The Court will not accept an amended complaint that is a simple cut-and-paste regurgitation of previously-filed pleadings.

Should Plaintiffs decide not to amend their federal claim against Wells Fargo or should the Court determine that Plaintiffs have failed to state a federal claim upon which relief can be granted in their amended complaint, the only remaining (unadjudicated) claims would be Plaintiffs' claims arising under state law. A district court may decline to exercise supplemental jurisdiction in a case arising from a common nucleus of operative fact where, *inter alia*, it has dismissed the federal claims. 28 U.S.C. § 1367(c)(3). In order to make this determination, courts should consider factors such as "economy, convenience, fairness, and comity." *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997) (internal quotations and citations omitted). When "federal-law claims are eliminated before trial, the balance of factors to be considered ... will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988), *superseded by statute*, 28 U.S.C. § 1447(c).

In this case, it would be equally convenient for the parties to try the remaining claims in state court, where this case originated. Further, the case remains in the early stages of litigation and, thus, the Court has expended minimal resources in supervising this case. *See Trustees of the Construction Indus. & Laborers Health & Welfare Trust v. Desert Valley Landscape & Maint., Inc.*, 333 F.3d 923, 926 (9th Cir. 2003) (finding an abuse of discretion where the district court ordered a dismissal of state law claims just seven days before trial and after long delays). The Court concludes that principles of comity, convenience, and judicial economy weigh against retaining supplemental jurisdiction in this case and, therefore, it will remand this case to the Contra Costa Superior Court should Plaintiffs fail to state a federal claim.[2]

## CONCLUSION

For the foregoing reasons, Old Republic's and Wells Fargo's motions to dismiss the TILA and RESPA claims are GRANTED. Wells Fargo's motion to dismiss the RESPA claim is GRANTED with leave to amend; all other federal claims are dismissed without leave to amend. The remainder of the motions to dismiss the state law claims are DENIED without prejudice to re-filing.

If Plaintiffs choose to amend their RESPA claim against Wells Fargo or address any of the substantive defects in the state law claims as currently pled, they shall file an amended complaint by no later than August 13, 2010. If Plaintiffs do amend, Defendants should respond either by answer or by motion within twenty days. If Plaintiffs choose not to amend the complaint, the Court shall issue an order thereafter remanding the case to Contra Costa County Superior Court.

**IT IS SO ORDERED.**

Dated: July 22, 2010

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

---

[2] This Court's denial of Defendants' motion to dismiss the state law causes of action is without prejudice to renewal of such a demurrer in state court.

8